UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ISIDRO RUIZ,

                 Movant,

        -against-                                    08 Civ. 2368 (LAK)
                                                  (S7 03 Crim. 1315 (LAK))

UNITED STATES OF AMERICA,

                 Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Movant was convicted after trial of (1) conspiracy to distribute and to possess with intent to distribute five kilograms and more of cocaine, (2) attempted possession with intent to distribute five kilograms and more of cocaine, (3) conspiracy to commit a Hobbs Act robbery, and (4) carrying a firearm, and aiding and abetting the same, in connection with a crime of violence. With a total offense level of 37 and a criminal history category of VI, and adding a mandatory 60-month consecutive sentence based on the firearm conviction, the guidelines range was 420 months to life imprisonment. Movant was sentenced principally to 420 months of imprisonment. He now moves for relief pursuant to 28 U.S.C. § 2255 on the grounds that (1) trial counsel was constitutionally ineffective in respect of plea negotiations, (2) the evidence was insufficient to convict on the conspiracy count, (3) an impermissible variance affected the conspiracy count, and (4) it was factually impossible for movant to attempt to obtain the cocaine because the alleged supplier was working with the DEA.

Grounds (2), (3) and (4) are entirely without merit for the reasons set forth at pages 12 through 20 of the government's letter response. Ground (1), however, requires further discussion.

In order to make out an ineffective assistance claim, a defendant must demonstrate that (1) his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) affirmatively prove prejudice" from counsel's defective performance.[1] In the plea bargaining context, this requires proof that (1) the attorney failed to communicate a plea offer or provide adequate advice about the plea and sentencing exposure, and (2) there is a reasonable probability that the defendant would have accepted the government's offer but for the attorney's deficient performance.[2] The latter requires more than a defendant's "self-serving, post-conviction testimony."[3]

In this case, movant has submitted an affidavit that seeks to make out a *Strickland* showing with respect to plea negotiations. As the government rightly argues, it in some respects is conclusory and self-serving, and it is internally inconsistent in others. Nevertheless, it makes a number of unequivocal statements that stand entirely unrefuted. Movant asserts that he pressed trial counsel as to the government's position with respect to a plea bargain, that she told him that the government's offer was not less than movant would get at trial, that she believed it was in the 20 to 25 year range, and that she thought that the court would not sentence defendant to more than 15 or 20 years in the event of conviction. Moreover, he claims that he never heard the term "career

---

[1] *Strickland v. Washington,* 466 U.S. 668, 687-88, 693-94 (1984).

[2] *See Purdy v. United States,* 208 F.3d 41, 49 (2d Cir. 2000); *Cullen v. United States,* 194 F.3d 401, 404 (2d Cir. 1999).

[3] *United States v. Gordon,* 156 F.3d 376, 380-81 (2d Cir. 1998).

offender" or of the possibility of a sentence as long as 420 months to life until after his conviction.

The possibility of a sentence as long as 420 months or more would have been clearly evident to a competent attorney full informed as to the defendant's criminal history. Assuming *arguendo* that movant's trial counsel knew his criminal history at a time when the possibility of a plea bargain existed and assuming further, as I must for present purposes, the accuracy of movant's non-conclusory claims, I cannot exclude the possibility that counsel's advice with respect to a plea bargain fell beneath the *Strickland* standard. Nor, in light of the disparity between the exposure that movant actually faced if convicted and a sentence of 20 or 25 years, can I reject out of hand movant's claim that he would have taken the deal if fully and adequately advised.[4]

Accordingly, an evidentiary hearing is required to determine whether counsel's performance with respect to plea bargaining fell beneath the constitutionally required level and, if so, whether there is a reasonable probability that the movant would have accepted the government's offer (assuming there was such an offer) but for any deficient performance by the attorney. The Court concurrently has granted movant's application for the appointment of counsel. It will hold an evidentiary hearing on July 30, 2008 at 9:30 a.m.

SO ORDERED.

Dated: July 8, 2008

_____
Lewis A. Kaplan
United States District Judge

---

[4] *Pham v. United States*, 317 F.3d 178, 182-83 (2d Cir. 2003).